IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01885-GPG

GRANT HENRY STEWART,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Grant Henry Stewart, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Stewart initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). On September 21, 2015, he filed on the proper form an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Stewart is challenging the validity of his conviction and sentence in Fremont County District Court case number 06CR274.

On September 22, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On September 30, 2015, Respondents filed their Pre-Answer Response (ECF No. 12) arguing that the application is barred by the one-year limitation period and that the constitutional claim Mr. Stewart is asserting is

unexhausted and procedurally defaulted.  On October 13, 2015, Mr. Stewart filed his Reply to Pre-Answer Response (ECF No. 13).

The Court must construe the amended application and other papers filed by Mr. Stewart liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Stewart agreed to plead guilty to one count of "sex assault – victim under fifteen" in October 2006 and he received a deferred judgment and sentence for a period of four years.  (*See* ECF No. 12-1 at 2, 9-10.)  Following a revocation hearing on April 14, 2008, at which Mr. Stewart was found to have violated the conditions of his supervision, the trial court entered judgment and sentenced Mr. Stewart to an indeterminate term of two years to life in prison.  (*See id.* at 7-8.)  Mr. Stewart did not appeal.

On May 6, 2008, Mr. Stewart filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See id.* at 7.)  However, he subsequently withdrew the motion on June 19, 2008.  (*See id.*)  On June 23, 2009, Mr. Stewart filed in the trial court a postconviction motion pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure.  (*See id.*)  On August 3, 2009, in response to the trial court's order to clarify the relief he was seeking, Mr. Stewart filed another Rule 35(a) motion.  (*See id.* at 6-7.)  On September 4, 2009, the trial court denied the Rule 35(a) motion.  (*See id.*)  On October 15, 2009, Mr. Stewart filed in the trial court a second postconviction Rule 35(c) motion.  (*See id.* at 6.)  On December 15, 2009, the trial court denied the second Rule 35(c) motion.  (*See id.*)  The state court docketing

records indicate no further activity in Mr. Stewart's case for nearly three years until September 20, 2012, when he filed a motion to waive probation supervision fees. (*See id.*) Mr. Stewart did not file another postconviction motion in the trial court until June 30, 2014, when he filed a third postconviction Rule 35(c) motion. (*See id.*) On September 23, 2014, the trial court denied the third Rule 35(c) motion. (*See id.*) Mr. Stewart did not appeal from the denial of any of these postconviction motions.

The trial court's docketing records indicate that Mr. Stewart filed a letter on January 14, 2015, that was denied on January 20, 2015. (*See id.*) In response to the trial court's denial of that letter, Mr. Stewart submitted to the state appellate courts a demand for habeas corpus relief that was docketed in the Colorado Supreme Court on January 30, 2015, as an original petition for writ of habeas corpus. (*See* ECF No. 12-4.) On May 14, 2015, the Colorado Supreme Court denied the original petition for writ of habeas corpus without addressing the merits of the claims asserted. (*See* ECF No. 12-6.)

Mr. Stewart initiated this action on August 28, 2015. He asserts one claim for relief contending his constitutional rights were violated because he was charged by information rather than indictment.

As noted above, Respondents argue that the application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B)   the date on which the impediment to filing
>an application created by State action in
>violation of the Constitution or laws of the United
>States is removed, if the applicant was
>prevented from filing by such State action;
>
>(C)   the date on which the constitutional right
>asserted was initially recognized by the
>Supreme Court, if the right has been newly
>recognized by the Supreme Court and made
>retroactively applicable to cases on collateral
>review; or
>
>(D)   the date on which the factual predicate of
>the claim or claims presented could have been
>discovered through the exercise of due
>diligence.
>
>(2)   The time during which a properly filed application for
>State post-conviction or other collateral review with respect to
>the pertinent judgment or claim is pending shall not be
>counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period the Court first must determine the date on which Mr. Stewart's conviction became final.   *See* 28 U.S.C. § 2244(d)(1)(A). The question of whether a deferred adjudication "constitutes a 'judgment' sufficient to allow for habeas relief and trigger the start of the statutory time period under § 2244(d)(1)" is a "thorny question."  *Aguilar-Alvarez v. Holder*, 528 F. App'x 862, 868-69 (10th Cir. 2013).   Therefore, Respondents assume, and the Court will as well, that Mr. Stewart's conviction did not become final until the time to appeal expired after he was sentenced to prison on April 14, 2008.   Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable when he was sentenced to prison, Mr. Stewart had forty-five days to file

4

a notice of appeal.   Because he did not file an appeal, his conviction was final on May 29, 2008.

Mr. Stewart does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claim before his conviction became final.   See 28 U.S.C. § 2244(d)(1)(B) - (D).   Mr. Stewart does assert that the one-year limitation period did not begin to run until May 14, 2015, when the Colorado Supreme Court denied his original petition for writ of habeas corpus because the state court postconviction proceedings were timely and properly filed as a matter of state law.   However, he provides no authority for this argument and the Court is not persuaded because, although a properly filed state court postconviction proceeding will toll the one-year limitation period in accordance with § 2244(d)(2), the one-year limitation period commences in accordance with § 224(d)(1).   As a result, the Court finds that the one-year limitation period began to run when Mr. Stewart's conviction became final on May 29, 2008.

The Court next will address tolling.   Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.   An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."   Artuz v. Bennett, 531 U.S. 4, 8 (2000).   These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

In addition to statutory tolling under § 2244(d)(2), the one-year limitation period also may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at

808.  Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

The Court will assume that the one-year limitation period was tolled in accordance with § 2244(d)(2) for at least some period of time during 2008 and 2009 while the postconviction motions Mr. Stewart filed in those years were pending.  However, Respondents correctly note that there is a gap of more than four years, from January 2010 until June 2014, when Mr. Stewart did not have a postconviction motion pending in state court.  Based on this untolled gap of time, the instant action is untimely.  Furthermore, because the postconviction motions Mr. Stewart filed in June 2014 and January 2015 were filed after the one-year limitation period already had expired, those motions did not toll the one-year limitation period even if they were timely under state law.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

Mr. Stewart also argues that this action should not be dismissed as untimely because he is not a lawyer and it has taken him "several years to become familiar and proficient with terminology, grammar and usage of law" (ECF No. 13 at 3), he is indigent, and he has limited access to the prison law library.  However, these circumstances do not justify equitable tolling of the one-year limitation period.  "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not

excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *see also Horton v. Kaiser*, No. 99-6285, 2000 WL 216614 at *2 (10th Cir. Feb. 23, 2000) ("the unavailability of counsel or other 'trained persons' to assist him does not constitute proper 'cause' to justify his failure to file a timely petition"). In addition, limited access to the prison law library also does not justify equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (alleged lack of access to relevant legal materials while housed out of state not sufficient to justify equitable tolling). Finally, Mr. Stewart fails to allege facts that demonstrate he pursued his claim diligently. Therefore, the Court finds no basis for equitable tolling of the one-year limitation period.

In conclusion, the amended application is barred by the one-year limitation period in § 2244(d) and will be dismissed for that reason. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 7) is denied and the action is dismissed as barred by the one-year limitation period. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 29th day of October, 2015.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court